804 F.2d 1306
 41 Empl. Prac. Dec. P 36,704, 256 U.S.App.D.C. 277
 PARALYZED VETERANS OF AMERICA, American Coalition of
Citizens with Disabilities, American Council of
the Blind, Petitioners,
v.
CIVIL AERONAUTICS BOARD, Federal Aviation Administration,
United States Department of Transportation, Respondents,
Regional Airline Association, Intervenor.
 No. 83-1055.
 United States Court of Appeals,
District of Columbia Circuit.
 Nov. 14, 1986.
 
 Douglas L. Parker, Karen Peltz Strauss, Washington, D.C., and Arlene J. Battis, for petitioners.
 David Schaffer, Atty., Civil Aeronautics Bd., William Bradford Reynolds, Asst. Atty. Gen., Dept. of Justice, Ivars V. Mellups, Acting Gen. Counsel and Thomas L. Ray, Asst. Gen. Council, Civil Aeronautics Bd. and Robert B. Nicholson and Margaret G. Halpern, Atty., Dept. of Justice, Washington, D.C., for respondents.
 Calvin Davison and David H. Solomon, Washington, D.C., for intervenor.
 Before WALD, Chief Judge and MIKVA, Circuit Judge.*
 PER CURIAM.
 
 
 1
 In Paralyzed Veterans of America v. Civil Aeronautics Board, 752 F.2d 694 (1985), this court held that Sec. 504 of the Rehabilitation Act of 1973 applies to all commercial airlines, regardless of whether they receive direct federal subsidies. The court accordingly vacated the Civil Aeronautics Board's (CAB's) decision to apply its final rule implementing Sec. 504 only to air carriers that receive subsidies under Sec. 406(b) or Sec. 419 of the Federal Aviation Act. In addition, this court remanded the rule to CAB's successor agency, the Department of Transportation (DOT), with orders to redraft the rule to the extent necessary to apply it to all commercial air carriers.
 
 
 2
 In United States Department of Transportation v. Paralyzed Veterans of America, --- U.S. ----, 106 S.Ct. 2705, 91 L.Ed.2d 494 (1986), the Supreme Court reversed this court's judgment, holding that Sec. 504 applies only to those commercial airlines receiving direct federal subsidies under Sec. 406(b) or Sec. 419 of the Federal Aviation Act. In light of the Supreme Court's holding, this court now dismisses the petitioners' challenge to the agency's rule. Any reservations this court previously expressed about the substance of the rule arose from this court's belief that the rule properly applied to all commercial airlines. Given the Supreme Court's decision concerning the application of the rule, the basis for these reservations has disappeared. Accordingly, the agency rule implementing Sec. 504 of the Rehabilitation Act of 1973 is enforceable and the petition for review is dismissed.
 
 
 3
 It is so ordered.
 
 
 
 *
 Judge Bazelon who was a member of the panel in the original case did not participate in the opinion